JOSEPH STARK, Respondent, v. CLARK STORES, INC., Appellant.— Order of Appellate Term affirming final order and judgment of the Municipal Court reversed on the law and the facts, with costs, final order and judgment of the Municipal Court

reversed, with costs, and judgment directed for defendant, the tenant, with costs. In our opinion, the landlord has not sustained the burden of proof showing that the tenant exercised its option to renew the lease dated May 25, 1931, for a term of three years from September 15, 1931, nor that the lease was renewed by implication of law. The tenant's testimony that prior to the expiration of the three months' term demised under the agreement of May 25, 1931, the representative of the tenant corporation and the landlord agreed that the tenant should remain in the premises for another few months, coupled with the payment by the tenant to the landlord of rent at the old rate, and not the sum fixed in the event of the exercise of the option to renew, and the further fact that the additional security agreed upon in case the tenant exercised its option to renew was not deposited, indicate that the tenant remained in possession under a new agreement, namely, as a tenant from month to month. While the plaintiff was entitled to the sum of $150 for the November rent, this sum had been deposited by the tenant as security and the landlord had the right to apply it to the payment of the November rent. Young, Kapper, Carswell and Tompkins, JJ., concur; Lazansky, P. J., dissents, being of opinion that the tenant was liable for three months' rent from September fourteenth.